WILLIAM SIRRINE, plaintiff in error, *vs.* ROBERT GRIFFIN, defendant in error.

*(McCAY, J., having been of counsel in this case, did not preside.)*

A motion was made in the Court below to vacate and set the entry of satisfaction, made by the sheriff on a *fi. fa.*, and upon the trial of an issue formed thereon, it appeared that the payment was made by the defendant in *fi. fa.*, to the sheriff, on the 27th April, 1865, in Confederate Treasury notes, which were worthless at that time: *Held*, that the payment having been made after the *failure* of the Confederate Government, the Confederate Treasury notes failed with it, and that the payment of the *fi. fa.* in that currency was not a good and valid payment at the time said payment was made.

Confederate Treasury notes. Before Judge HARRELL. Webster Superior Court. September Term, 1860.

In September, 1863, Sirrine obtained a judgment against Griffin, in said Court.   On the 27th of April, 1865, the deputy sheriff entered upon it a receipt for $267 00, in full of principal, interest and costs.   At September Term, 1869, a rule *nisi* was granted, calling on Griffin to show cause why said satisfaction should not be annulled, because said sum was paid to said officer wholly in Confederate Treasury notes, which were at the time worthless and had ceased to be current.   Griffin answered, that he did pay said sum in said currency, but that it was done without fraud, and that, on that day, such treasury notes were not worthless, and were current in said county.   Upon this answer issue was joined and a trial was had.

On the trial, SIRRINE swore that Griffin told him, in the Spring of 1865, that he had paid off said *fi. fa.*, and that he paid it in said currency; that he asked Griffin if said payment was not made after General Lee's surrender, and when said currency was worthless, to which Griffin made no direct reply, but said that if Sirrine would not press the *fi. fa.* upon him he would pay its full amount the next fall out of the first cotton gathered by him.   Sirrine consented, and then Griffin said that he would have said entry of satisfaction erased, and have the Court to make the *fi. fa.* as good as it

was before said payment, and that Sirrine need give himself
no trouble about the matter; that two or three months after
that conversation, Griffin told him, in presence of N. A.
Smith, that he did not regard the payment as of any value,
as said currency was worthless at the time. It was shown
that on said day $1 00 in gold would buy $300 00 in such
currency.

GRIFFIN testified that he made said payment *bona fide*, in
said currency; that it was then current, he having taken
some of it that day, and that he did not remember saying, in
presence of N. A. Smith, that he made said payment when
and because said currency was worthless. The deputy sheriff
and two others testified that said currency then circulated in
said county. It was shown that on the day of said payment
the officer, notified said Smith that said *fi. fa.* was paid, and
that the money was ready for him. In rebuttal, N. A. Smith,
who seems to have been the attorney who sued out said judg-
ment, testified that Griffin did, in his presence, tell Sirrine
that he made said payment when he did because the currency
was worthless; this was in presence of three or four others,
when Griffin was not sober. A witness testified that General
Lee surrendered on the 9th of April, 1865, (and he supposed
the news had reached Webster county by the 27th of April,
1865, on which day General Johnson also surrendered.)

Pending the examination of the witnesses, Sirrine's attor-
ney offered to prove the date of the contract upon which said
judgment was based, but the Court rejected the testimony.
The Court charged the jury that if defendant made said pay-
ment in a currency in common circulation at the time the
payment was made, *bona fide*, in order to discharge the *fi. fa.*,
the payment was good, and the issue should be found in
Griffin's favor, but if Griffin knew at the time that the said
Treasury notes were worthless, and paid it to swindle Sirrine,
they should find in Sirrine's favor. They found in favor of
Griffin. Sirrine's attorney moved for a new trial upon the
ground that said charge was erroneous, that the Court erred
in rejecting said evidence of the date of the contract, and
because the verdict was contrary to law and the charge, and

without evidence.    The Court refused a new trial, and error is assigned on each of said grounds.

N. A. SMITH, for plaintiff in error.

W. A. HAWKINS, for defendant in error.

WARNER, J.

The Confederate money was paid to the sheriff by the defendant on the 27th April, 1865, after the Confederate Government had *failed,* and at that time was *worthless,* and was not a valid payment of the debt:    Harley vs. Thornton, 2d Hill's South Carolina Reports, 509.

Let the judgment of the Court below be reversed.